**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MALIK TRU EL,** | **Civil Action No.  25-1987 (RK) (TJB)** |
| **Plaintiff,** | |
| v. | **MEMORANDUM & ORDER** |
| **CARL TRIPICIAN, et al.,** | |
| **Defendants.** | |

This matter comes before the Court on Plaintiff's filing of a Motion for a Temporary Restraining Order or Preliminary Injunction ("TRO Motion") and a Second Amended Complaint ("SAC").  (ECF Nos. 4, 8.)  At this time, the Court grants Plaintiff's application to proceed *in forma pauperis*.[1]  Plaintiff's civil rights claims stem from his arrest on an allegedly invalid warrant and his subsequent prosecution in state court for a separate crime.  The TRO Motion seeks his "immediate release from custody pending the resolution of this matter" and to "enjoin Defendants from continuing the [criminal] proceedings until proof of valid jurisdiction and oaths of office are produced."  (ECF No. 4 at 4.)  For the reasons explained below, the Court denies the TRO Motion on the basis of *Younger* abstention.[2]  Because Plaintiff has not updated his address, the Court will also terminate the matter pursuant to L. Civ. R. 10.1 and require Plaintiff to update his address within 30 days if he wishes to reopen this case and have the Court screen the SAC under 28 U.S.C. § 1915(e)(2)(B).

---

[1] The Court will direct Plaintiff's correctional facility to deduct the filing fee in installments if Plaintiff updates his address in accordance with this Order.

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

At the time he filed his Original Complaint, Plaintiff was incarcerated at Atlantic Country Correctional Facility as pretrial detainee. (*See* ECF No. 1-1.) Prior to this Court's screening of the Original Complaint, he filed a Motion to Amend, which was docketed on August 18, 2025. (ECF No. 3.) Less than two weeks later, on August 29, 2025, he filed a Motion for a Preliminary Injunction and an Amended Complaint. (ECF Nos. 4-5.) On October 17, 2025, Plaintiff submitted second Motion for Leave to Submit a Supplemental Complaint. (ECF No.6.)

By Text Order dated November 5, 2025, the Magistrate Judge terminated Plaintiff's first Motion to Amend and granted his Motion to Submit a Supplemental Complaint but found the attached Supplemental Complaint deficient because it included only the new allegations. The Magistrate Judge permitted Plaintiff to submit an all-inclusive Second Amended Complaint by December 5, 2025. (*See* ECF No. 7.)

On December 2, 2025, Plaintiff's submitted the SAC along with a notice of change of address, which lists a private address. (ECF Nos. 8-9.) In the SAC, Plaintiff alleges that Defendant Carl Tripician, in his capacity as a judicial officer, signed a Failure to Appear Warrant for Plaintiff on October 2, 2023, but Tripician allegedly did not hold that position at the time he signed the warrant. (*See* ECF No. 8, SAC at 2; ECF No. 1-1 at 1.) Plaintiff characterizes the Failure to Appear Warrant as "void" or invalid. (*Id.*)

Subsequently, on January 24, 2024, Plaintiff was pulled over in a vehicle by Officer Cannon, who claimed his headlights were out, but Plaintiff alleges that this supposed violation was "unrecorded and pretextual." (*Id.*) According to the SAC, Plaintiff was "arrested solely due to the void warrant." (*Id.*) The arresting officers also allegedly "conducted a warrantless search of [Plaintiff's] person and vehicle" and "Lieutenant Gaviria approved 'probable cause' after the search occurred." (*Id.*)

2

The SAC further alleges that "Judges Waldman & Delury continued proceedings despite the void FTA. Prosecutor Reynolds pursued charges despite constitutional defects. Public Defender Weinstock failed to challenge the void warrant or stop. The Chief and Lt. Gaviria allowed unconstitutional customs."[3] (*Id.* at 2.)

According to the SAC, Plaintiff was detained on undisclosed criminal charges until November 5, 2025 (*id.* at 3), which may explain why Plaintiff updated his address the following month. The SAC asks for damages and injunctive relief, and "seeks to halt all proceedings, warrants, detainers, and retaliation arising from the void FTA and unlawful arrest." (*Id.* at 3.) Plaintiff asserts that

> Extraordinary Circumstances exist permitting federal intervention under Younger exceptions. The prosecution was initiated in bad faith through a void FTA issued by a judge lacking a filed Oath of Office. The ACS warrant was void. The alleged traffic violation is unsupported by any written documentation. Plaintiff faced great and immediate harm, including prolonged detention, and no adequate state remedy existed. Federal intervention is authorized.

(*Id.*)

---

[3] The SAC also provides a list of his claims for relief against various Defendants:

Count I - Fourth Amendment Unlawful Seizure (Cannon, Ballin, Gaviria)

Count II - False Arrest (Cannon, Ballin, Tripician)

Count Ill - Illegal Search (Cannon, Ballin, Gaviria)

Count IV - Malicious Prosecution (Reynolds, Cannon, Ballin)

Count V - Due Process Violations (Tripician, Waldman, Delury)

Count VI - Monell Liability (Chief, Gaviria)

Count VII - Sixth Amendment Violations (Weinstock)

Count VIII - Unlawful Detention (Kelly)

(ECF No. 8, SAC at 3.)

3

On February 27, 2026, Plaintiff filed a separate federal habeas Petition under 28 U.S.C. § 2254; the Petition involves the same arrest and prosecution at issue in this civil rights action and challenges his February 27, 2026 conviction for possession of a firearm without a permit under N.J.S.A. 2C:39-5(b).  (*See* Civ. No. 26-2999.)  Plaintiff mailed the Petition from Bayside State Prison (*id.* at 1-2), where he appears to be serving his sentence, but he did not update his address in this action.  The habeas action is assigned to the undersigned, and the Court takes judicial notice of the fact of Plaintiff's state court conviction and that he has filed a petition for post-conviction relief ("PCR") challenging that conviction.  (*See* Civ. No. 26-2999, ECF No. 1-1, Exhibit A to Petition.)

Based on these facts, the Court finds that Plaintiff is not entitled to a TRO (or preliminary injunction) releasing him from custody or dismissing his state court proceedings.  Indeed, even if Plaintiff could meet the stringent TRO standard,[4] which he cannot, the relief he requests would interfere with his ongoing state court criminal proceedings and violate well-established principles of abstention.  In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication [of a claim] would disrupt an ongoing state criminal proceeding." *Yi Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005); *see also Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (explaining that "when there is a

---

[4] A temporary restraining order or permanent injunction "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)).  To obtain a TRO or preliminary injunctive relief, a litigant must to demonstrate (1) that he is reasonably likely to prevail eventually in the litigation and (2) that he is likely to suffer irreparable injury without relief.  If these two threshold showings are made, the District Court then considers, to the extent relevant, (3) whether an injunction would harm Defendants more than denying relief would harm the plaintiff and (4) whether granting relief would serve the public interest.  *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 319–20 (3d Cir. 2020) (citing *A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013)).

parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution"). The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. Absent extraordinary circumstances, the *Younger* abstention doctrine requires a federal court to abstain from proceeding when the following three requirements are met: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003).

Here, the requirements for *Younger* abstention are met. As outlined above, Plaintiff's state court criminal proceedings are still ongoing, as he recently filed a PCR petition that is pending in state court. The direct and collateral appeals process implicates important state interests and provides defendants with an opportunity to raise constitutional claims. *See, e.g., Donahue v. Acosta,* 789 F. App'x 324, 328 (3d Cir. 2019) (holding that *Younger* applied where plaintiff's criminal case was on appeal); *Ridge v. Campbell*, 984 F. Supp.2d 364, 375 (M.D. Pa. 2013) (finding that requirements for abstention were met where plaintiff's post-conviction petition ("PCRA") was still pending, the PCRA proceedings implicated important state interests and provided a forum for the plaintiff to raise constitutional issues).

Plaintiff contends in a conclusory manner that the bad faith exception to *Younger* abstention applies and amounts to an extraordinary circumstance that warrants federal intervention. "When the legal requirements for *Younger* abstention are met," a district court should not abstain only if the plaintiff shows that "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a

significant and immediate potential for irreparable harm to the federal interests asserted." *Rosellini v. Wilcox*, 2025 WL 401206, at *4 (3d Cir. Feb. 5, 2025) (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).  The Supreme Court has explained that the bad faith exception to *Younger* applies "[o]nly in cases of proven harassment or prosecutions undertaken by state officials . . . without hope" of success.  *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).  Here, Plaintiff has not proven that the allegedly invalid warrant was issued for purposes of harassment or that his prosecution is without hope of success, as the charges resulted in a conviction under N.J.S.A. 2C:39-5(b).  As such, Plaintiff has not met the high bar to show that the bad faith exception to *Younger* applies.

At this time, the Court denies the Motion for a TRO. (ECF No. 4.)  Because Plaintiff did not notify the Court of his new address as required by L. Civ. R. 10.1, the Court will also direct the Clerk of the Court to administratively terminate this matter.  As a courtesy, the Court will direct the Clerk to send copies of this Memorandum & Order to Plaintiff's last known address and to Bayside State Prison, where he appears to be serving his sentence.  If Plaintiff updates his address in writing in accordance with this Order, the case will be reopened for screening.

IT IS, THEREFORE, on this 27th day of March 2026,

ORDERED that the TRO Motion (ECF No. 4) is DENIED for the reasons stated in this Memorandum & Order; it is further

ORDERED that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter because Plaintiff has failed to update his address in compliance with L. Civ. R. 10.1; and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall submit a written request addressed to the Clerk of the Court within 30 days that includes his current address; if Plaintiff

updates his address in writing within 30 days, the Court will screen the Second Amended Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B);[5] and it is further

**ORDERED** that if Plaintiff fails to update his address within 30 days and later attempts to do so, the Court may dismiss this action WITHOUT PREJUDICE for failure to prosecute; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum & Order to Plaintiff at the address on file <u>AND</u> to the following address:

> Malik T. El
> SBI #000595826B
> Bayside State Prison
> PO BOX F-1
> Leesburg, NJ  08327.

ROBERT KIRSCH
United States District Judge

---

[5] If Plaintiff updates his address and this matter is reopened, the claims for injunctive relief in the SAC will also be dismissed on the basis of *Younger* and any damages claims that survive this Court's screening may be stayed pending the conclusion of his state court PCR proceedings. *See Grivas v. City of Lancaster*, 2024 WL 2874555, at *4 (E.D. Pa. June 7, 2024) (dismissing claims for injunctive relief but staying claims for monetary damages where *Younger* abstention applied); *Burg v. Platkin*, No. 24-10076, 2024 WL 5198776, at *7 (D.N.J. (Dec. 23, 2024) (same).